OPINION
{¶ 1} This underinsured motorist case arises from an accident that occurred on January 23, 2001. On that date, plaintiff-appellant, Brenda L. Donaldson, was seriously injured when she was hit from behind by a vehicle operated by Abdulkadir Mohamed. Appellant filed suit against Mr. Mohamed, who disclosed liability insurance of $12,500. At the time of the accident, appellant was employed by Value City FADC, a division of Schottenstein's Stores Corp. It is undisputed that at the time of the accident, appellant was not in the course and scope of her employment with Value City FADC.
 {¶ 2} Travelers Property and Casualty Insurance ("Travelers") had the commercial automobile insurance for Value City FADC. With the consent of Travelers, appellant settled her case against Mr. Mohamed for $12,000. She then filed suit against Travelers seeking underinsured motorist coverage pursuant to the holding of the Ohio Supreme Court inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Appellant filed a motion for a declaratory judgment, and Travelers filed a motion for summary judgment. On February 19, 2003, the trial court rendered a decision denying appellant's motion for declaratory judgment and granting Travelers' motion for summary judgment. On April 28, 2003, the trial court entered final judgment in favor of Travelers. The trial court found that uninsured motorist coverage arose by operation of law under the Travelers' policy, but appellant was not an insured under the policy because the specific policy language of the Travelers' policy removed the Scott-Pontzer ambiguity.
 {¶ 3} On November 5, 2003, after briefing and oral argument of this matter had been completed, the Ohio Supreme Court decided Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. The Ohio Supreme Court's decision limited the holding of Scott-Pontzer, supra. In pertinent part, the court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield, at paragraph two of the syllabus.
 {¶ 4} Here, it is undisputed that appellant was not in the course and scope of her employment with Value City FADC at the time of the accident. Therefore, no coverage arises under the Travelers policy.
 {¶ 5} Based on the foregoing, appellant's first assignment of error is overruled, the second assignment of error is moot and the judgment of the Franklin County Court of Common Pleas is affirmed based on the authority of Westfield Ins. Co., supra.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.